## Arp's Estate

*George K. Brecht*, for accountants.
*Paul P. Wisler*, for Department of Revenue.
*Edward Foulke*, for remainderman.

HOLLAND, P. J., October 21, 1943.—Sarah V. Arp died on November 16, 1928, leaving a will dated November 18, 1921, probated on December 3, 1928, wherein and whereby she provided, inter alia, as follows:

"Fourth.—All the rest, residue and remainder of my estate, of whatever kind and wherever situate, I give, devise and bequeath to my executors hereinafter named, and the survivor of them, in trust, to collect the income from the same, until converted into money, and when converted into money, to invest the same and reinvest it as often as may be necessary so to do, and collect the income therefrom, and after deducting all proper legal charges and expenses, to pay the net income unto my said daughter, Alice, for and during the survivor of them, shall in their, or its discretion trustees find that the net income for any reason, shall prove insufficient for the proper care and comfortable support of said daughter, or will not meet her necessities as required, then said executors and trustees or the term of natural life; should my said executors and expend so much of the principal of my said estate as

may be needed to provide for the proper care and comfortable support of my said daughter, and will meet her necessities as required. At the decease of my said daughter, if her own estate is not sufficient for the purpose, my executors shall provide proper burial for my said daughter and a marker at her grave at the expense of my estate. All those who may care for my said daughter during any illness shall receive compensation in proper amount for such care and service, out of my estate, if there are not sufficient funds otherwise to pay for the same in my said daughter's estate.

"Fifth:—At the decease of my said daughter, Alice, whatever remains of my estate, principal and income, and all the rest, residue and remainder of my estate, I give and bequeath unto my sister, Ella N. Fesmire, absolutely."

Alice Meyers, daughter of testatrix, survived testatrix, and the trust for her became operative.

By adjudication of this court filed October 24, 1929, there was awarded to the accountants the corpus of the trust, $14,733.21. On June 23, 1939, they sold the real estate, 1308 Arch Street, Norristown, and received the balance of the purchase money on August 15, 1939. The purchase money for said real estate totaled $3,500.

Alice Meyers died on May 7, 1943. Her death ended the trust and is the reason or purpose of the filing of the account now before the court. Ella N. Fesmire is living and of full age.

The account shows a balance of principal of $20,603.34, composed of unconverted investment securities, furniture, and cash, and a balance of income of $876.99.

Said balance of principal for distribution is shown by the account to be made up in part of amounts of income transferred to principal over the period from July 17, 1935, to March 10, 1942, during the lifetime

of the life beneficiary, Alice Meyers, totaling $3,485.75. There were also payments made by the trustees for the maintenance and support of said Alice Meyers, totaling $5,093.77, covering the period January 2, 1930, to May 7, 1943, of which $814.69 was paid to an individual to March 28, 1931, and practically all of the balance to the Norristown State Hospital from March 28, 1931. It does not appear how much of the $876.99 income for distribution shown by the account, if any, accrued or was received after the death of Alice Meyers. A claim of the Commonwealth for a balance of $3.69 for her maintenance at the State Hospital at Norristown was presented by the Commonwealth at the audit.

The gift of the income to Alice Meyers for life was an absolute bequest, and the language of the fifth item of the will is not sufficient to reduce the gift to a lesser estate: Coffman's Estate (No. 2), 31 D. & C. 93 (1937). The will does not give the trustees the right to apply the income for Alice's maintenance and support or to withhold or accumulate any part of it. The entire income should have been paid to Alice Meyers as it accrued, or, if she were incapable of receiving it by reason of mental illness, it should have been paid to a guardian or committee of her estate who should have been duly appointed by a court of competent jurisdiction. The remainderman as such is entitled to no part of it. The credit taken in income for payments made for the support and maintenance of Alice Meyers we will allow to stand, and also will allow the credit requested of $105 paid for a tombstone over her grave, because we have no doubt that the trustees acted in good faith and under the belief that they were carrying out the intention of testatrix in making such expenditures. However, we cannot permit the sum of $3,485.75, which was transferred by the trustees from income to principal, to remain in principal and be thereby diverted

from the estate of Alice Meyers, the life beneficiary, and, possibly, from those to whom it rightfully belongs as her legatees or next of kin. We accordingly surcharge the accountants in income with said sum of $3,-485.75, and we award said sum, together with any other income that may have accrued and remained undistributed to the date of the death of Alice Meyers, on May 7, 1943, to the executor or administrator of her estate. The accountants are allowed an additional credit in principal for said sum of $3,485.75 so directed to be transferred back to income. The income accrued since May 7, 1943, is awarded to Ella N. Fesmire.

Transfer inheritance tax at the direct rate of 2 percent was paid on the entire principal of the trust at the time of the filing of the account of the executors. Inasmuch as the principal is now payable to Ella N. Fesmire, as sister of testatrix, it is now subject to transfer inheritance tax at the collateral rate of 10 percent. Therefore, we award to the register of wills the difference between the tax paid at the direct rate and the tax due at the collateral rate, or 8 percent, and payment thereof will be reflected in the schedule of distribution hereinafter directed to be prepared.

Subject to said payment, the balance of principal is awarded to Ella N. Fesmire.

The small claim of the Commonwealth of Pennsylvania, $3.69, is also awarded to the Commonwealth out of the income due the estate of Alice Meyers, deceased.

The account as modified by this adjudication is confirmed, and it is ordered and decreed that George K. Brecht and Norristown-Penn Trust Company, trustees as aforesaid, forthwith pay the distributions herein awarded.

Counsel for accountants shall file a schedule of distribution in duplicate.

And now, October 21, 1943, this adjudication is confirmed nisi.